IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS PERFORMING CHINESE ARTS ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-2743-X-BN |
| XIAOPING LIU, | § § § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Xiaoping Liu, proceeding *pro se*, removed an eviction proceeding filed in a Dallas County, Texas state court, asserting that federal law supports removal. *See, e.g.*, Dkt. No. 3 at 2-3 & 6-19.

United States District Judge Brantley Starr referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Notice of Removal, the undersigned entered findings of fact and conclusions of law recommending that, because Liu, the party invoking the Court's jurisdiction through removal, has not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County state court from which it was removed [Dkt. No. 5] (the "FCR").

And, after entry of the FCR, Liu moved "to convert [this case] to an original case," "accept[ing the] recommendation to remand" but requesting that the Court

"convert the removal of a state lawsuit to an original Federal case" [Dkt. No. 6] (the "Motion to Convert").

The undersigned understands Liu's request as seeking leave to file counterclaims under federal law where Liu further alleges that "the management of TPCA, i.e. David Wong will continue to avoid his obligation to conduct non profit business according to state, local laws and IRS tax regulations. Therefore, I request to convert the removal of a state lawsuit to an original Federal case." *Id.*

But, as explained in the FCR, a

counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance.").

Dkt. No. 5 at 3-4.

## Recommendation

The Court should deny the Motion to Convert [Dkt. No. 6], accept or adopt the findings, conclusions, and recommendation [Dkt. No. 5], and remand this action to the Dallas County state court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE